IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WESTERN CHALLENGER, LLC, an Alaska limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>DNV GL GROUP, a foreign corporation, DON SEYMOUR, and PHIL ESSEX,<br><br>Defendants. | IN ADMIRALTY<br><br>Case No. |

**COMPLAINT FOR NEGLIGENCE AND BREACH OF CONTRACT**

COMES NOW Plaintiff Western Challenger, LLC, an Alaska limited liability company by and through counsel Holmes Weddle & Barcott, PC and complains against Defendants Don Seymour, Phil Essex, and DNV GL Group, which upon information and belief, is the successor by merger to Det Norske Veritas and Germanischer Lloyd ("DNV-GL") as follows:

**I.     JURISDICTION AND VENUE**

COMPLAINT FOR NEGLIGENCE AND
BREACH OF CONTRACT - 1
*Western Challenger v DNV GL Group*

HOLMES WEDDLE & BARCOTT, A
PROFESSIONAL CORPORATION
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK  99501-3408
TELEPHONE (907) 274-0666
FAX (907) 277-4657

1. Jurisdiction is based upon 28 U.S.C. §1333, admiralty, and 28 U.S.C. §1332, diversity. This is an admiralty or maritime claim within the meaning of Fed. R. Civ. P. 9(h).

2. At all times material herein, DNV-GL was a classification society with an office in Seattle, Washington and Don Seymour ("Seymour") and Phil Essex ("Essex") were employees or agents of DNV-GL.

## II. FACTUAL BACKGROUND

3. The F/V WESTERN CHALLENGER (the "Vessel") is a vessel built in the United States. The vessel was re-flagged in Canada, making it ineligible to participate in U.S. coastwise and fisheries trades. Plaintiff, an operator of fishing vessels in Alaska, wished to purchase the vessel for use as a fish tender if it could be re-flagged in the United States and re-documented to obtain the necessary endorsements.

4. Before purchasing the Vessel, Plaintiff consulted with Don Seymour of DNV-GL, who was working out of DNV-GL's Seattle office. Plaintiff received assurances that the Vessel could qualify under Coast Guard regulations and work as a fish tender. Relying upon these assurances, Plaintiff purchased the Vessel, moved it to the State of Washington, and made commitments for the Vessel to work as a fish tender starting in the 2013 season.

5. Plaintiff retained DNV-GL to provide a tonnage certificate for the Vessel and upon Seymour's recommendation, spent approximately $50,000 on structural modifications to the Vessel.

6. DNV-GL produced three tonnage certificates for the Vessel, the first dated June 10, 2013 with an ITC tonnage of 227 tons ("First Certificate") attached hereto as

COMPLAINT FOR NEGLIGENCE AND
BREACH OF CONTRACT - 2
*Western Challenger v DNV GL Group*

HOLMES WEDDLE & BARCOTT, A
PROFESSIONAL CORPORATION
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK  99501-3408
TELEPHONE (907) 274-0666
FAX (907) 277-4657

Exhibit A.  DNV-GL later produced a different certificate, also dated June 10, 2013, with an ITC tonnage measurement of 191 ("Second Certificate") attached hereto as Exhibit B, and a second dated August 30, 2013 with an ITC tonnage measurement of 227 ("Third Certificate") attached hereto as Exhibit C.

7. According to federal regulations, any ITC tonnage measurement exceeding 200 would make the Vessel ineligible to receive a coastwise endorsement necessary for its work as a fish tender.

8. Upon receipt by Plaintiff of the First Certificate, and concerned that the tonnage number was too high for documentation of the Vessel with a coastwise endorsement, Plaintiff contacted DNV-GL.  Seymour assured Plaintiff that the problem could be solved.

9. To address the problem, Seymour consulted with his supervisor at DNV-GL, Phil Essex ("Essex"), who retracted the First Certificate and substituted the Second Certificate.  The Second Certificate was received by the Coast Guard on or about June 20, 2013.

10. DNV-GL submitted the Third Certificate to the Coast Guard, which was received by the Coast Guard on or about September 20, 2013.

11. The U.S. Coast Guard refused to document the Vessel.

12. In an e-mail of October 18, 2013, Mr. Essex explained that the Second Certificate was issued to enable the Vessel's re-documentation as a U.S. flag vessel. Essex claimed that the Third Certificate was intended to be submitted to reflect certain modifications to the Vessel after the Second Certificate was issued by DNV-GL.  In fact, no such modifications were made to the Vessel.

COMPLAINT FOR NEGLIGENCE AND
BREACH OF CONTRACT - 3
*Western Challenger v DNV GL Group*

HOLMES WEDDLE & BARCOTT, A
PROFESSIONAL CORPORATION
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK  99501-3408
TELEPHONE (907) 274-0666
FAX (907) 277-4657

13.     Despite demand, DNV-GL has declined to provide the calculations used to create the tonnage certificates or any documentation with respect to the purported modifications.

14.     Plaintiff was able to secure the passage of special legislation to grant the Vessel a coastwise endorsement.  The legislation was approved by Congress on December 18, 2014; however, the Coast Guard refused to make the exception, due to its continuing concerns about the veracity of the conflicting DNV-GL tonnage certificates.

### III.     CAUSE OF ACTION – NEGLIGENCE

15.     Plaintiff realleges the foregoing paragraphs and incorporates them herein by reference.

16.     Plaintiff hired Seymour and DNV-GL to provide advice and measurement services which are within their regular professional duties.  The Defendants provided false information to Plaintiff regarding, among other things, the necessity of altering the Vessel to comply with Coast Guard requirements.

17.     Vessel owners routinely rely upon the information and advice provided by classification societies such as DNV-GL and their agents in this type of transaction.  In addition, Plaintiff made it clear that the decision to purchase the Vessel would be based on defendants' advice as to the viability of re-flagging and documenting the Vessel for service as a fish tender.

18.     The Defendants failed to exercise reasonable care in advising Plaintiff, assessing the Vessel, and submitting documentation to the Coast Guard.

19.     Plaintiff relied upon the information provided by Defendants in making its decision to buy the Vessel, in contracting and paying for the recommended

COMPLAINT FOR NEGLIGENCE AND
BREACH OF CONTRACT - 4
*Western Challenger v DNV GL Group*

HOLMES WEDDLE & BARCOTT, A PROFESSIONAL CORPORATION
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK  99501-3408
TELEPHONE (907) 274-0666
FAX (907) 277-4657

modifications, and in making tendering commitments for the Vessel.

20. Plaintiff suffered pecuniary loss of approximately $50,000 paid for construction fees, moorage fees and fees to Defendants in connection with unnecessary modifications to the Vessel

## IV. CONCLUSION

**WHEREFORE,** Plaintiff prays for judgment as follows:

1. For a judgment against Defendant for damages of approximately $50,000, the exact amount to be proven in court, incurred by Plaintiff in modifying the Vessel in reliance upon Defendants' advice.

2. For a judgment against Defendants for damages in excess of $500,000, the exact amount to be proven at trial, for lost income due to Plaintiff's inability to perform the tendering services for which it was contracted.

3. For an award of attorney's fees, as provided by statute or under Alaska Civil Rule 82.

4. For an award of such other and further relief as in law and equity Plaintiff may be entitled to receive.

COMPLAINT FOR NEGLIGENCE AND
BREACH OF CONTRACT - 5
*Western Challenger v DNV GL Group*

HOLMES WEDDLE & BARCOTT, A PROFESSIONAL CORPORATION
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK 99501-3408
TELEPHONE (907) 274-0666
FAX (907) 277-4657

DATED this 15th day of June, 2016.

HOLMES WEDDLE & BARCOTT,
A PROFESSIONAL CORPORATION


    s/ John E. Casperson
John E. Casperson, ABA# 7910076
999 Third Avenue, Suite 2600
Seattle, Washington 98104
Telephone: (206) 292-8008
Facsimile: (206) 340-0289
Email: jcasperson@hwb-law.com
Attorney for Plaintiff

COMPLAINT FOR NEGLIGENCE AND
BREACH OF CONTRACT - 6
*Western Challenger v DNV GL Group*

HOLMES WEDDLE & BARCOTT, A
PROFESSIONAL CORPORATION
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK  99501-3408
TELEPHONE (907) 274-0666
FAX (907) 277-4657