UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WESTERN CHALLENGER, LLC, | CASE NO. C16-0915-JCC |
| Plaintiff, | MINUTE ORDER |
| v. | |
| DNV GL GROUP, *et al.*, | |
| Defendants. | |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on Defendants' motion to reconsider this Court's order denying summary judgment as to the misrepresentation claim (Dkt. No. 53). Defendants argue that "[t]he Court overlooked concessions in the record that preclude it from finding that Defendants assured Plaintiff the vessel could be documented to fish." (*Id.* at 7.) From that, Defendants argue that proximate causation is lacking as to loss-of-use damages on the negligent misrepresentation claim. (*Id.* at 4.)

"Motions for reconsideration are disfavored." Local Civ. R. 7(h)(1). Such motions will be denied absent a "showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id.* Defendants have not met this burden. Accordingly, Defendants' motion for reconsideration

(Dkt. No. 53) is DENIED. In denying the motion, the Court makes the following observations.

First, Defendants point to a portion of Plaintiff's owner's deposition testimony to support the argument that this testimony precluded finding a genuine issue of material fact. (*Id.* at 2–4.) However, this testimony was not brought to the Court's attention in Defendants' prior briefing, nor was it argued. (*See generally* Dkt. Nos. 40 and 49.) Citing to nearly one hundred pages of deposition testimony, without specifically calling it to the Court's attention, is akin to letting the record "speak for itself," a practice the Court discourages. *See Miller v. Monroe School Dist.*, Case No. C15-1323-JCC, Dkt. No. 41 at 3 (W.D. Wash. 2015).

Second, the issue on which Defendants sought to prove there was no genuine issue of material fact pertained to the reason the WESTERN CHALLENGER (the Vessel) did not receive a fishery endorsement. (Dkt. No. 40 at 8.) On this point, the Court agreed that there is no genuine dispute of material fact as to why the United States Coast Guard (USCG) denied the fishery endorsement: because Plaintiff could not provide documentation demonstrating that the Vessel was rebuilt in the United States. (Dkt. No. 52 at 7.) Based on that, the Court granted Defendants' motion for partial summary judgment for loss-of-use damages on the breach of contract claim. (*Id.*)

As to the negligent misrepresentation claim, the Court held that if Defendants negligently misrepresented to Plaintiff that it could get a fishery endorsement from the USCG, then a jury could still find that proximately caused loss-of-use damages, even if the reason the Vessel could not be documented was because of the foreign rebuild issue. The Court was ruling solely on the causation element of negligent misrepresentation.

Third, Defendants' motion for reconsideration is essentially a new motion for summary judgment on the other elements of Plaintiff's negligent misrepresentation claim: arguments specifically reserved for a later date. (Dkt. No. 40 at 13 n.3) ("For purposes of this motion, Defendants address the causation element in Plaintiff's negligent misrepresentation and breach of contract claims. Defendants expressly reserve their arguments as to the remaining elements of

the claims."). Further, the fact that this was in the record demonstrates that Defendants could have argued for summary judgment on other elements of the negligent misrepresentation claim, yet did not.

Again, the Court was ruling whether loss-of-use damages could be proximately caused by a particular negligent misrepresentation. The Court did not rule that Defendants made a negligent misrepresentation, but rather ruled that if a jury found Defendants did, then it could also find loss-of-use damages flowed from that misrepresentation. (Dkt. No. 52 at 6.) Defendants are free to argue in another summary judgment motion that the deposition testimony of Plaintiff's owner defeats the other elements of the negligent misrepresentation claim. However, the Court will not currently rule on an issue that was not fully briefed; and a motion for reconsideration is the improper vehicle through which to bring such an argument.

Defendants' motion for reconsideration (Dkt. No. 53) is DENIED.

DATED this 15th day of August 2017.

William M. McCool
Clerk of Court

s/Paula McNabb
Deputy Clerk