THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

WESTERN CHALLENGER, LLC,

CASE NO. C16-0915-JCC

10

Plaintiff,

ORDER DENYING MOTION TO
COMPEL

11

v.

12

DNV GL GROUP, *et al.*,

13

Defendants.

14

15     This matter comes before the Court on Defendant's motion to compel (Dkt. No. 55).

16    Having thoroughly considered the parties' briefing and the relevant record, the Court DENIES

17    the motion for the reasons explained herein.

18    **I.      BACKGROUND**

19     Plaintiff sought a tender for its Alaskan fishing operations. (Dkt. No. 33 at 2.) It engaged

20    DNV Group, Germansicher Lloyd (USA), Inc., Don Seymour, Phil Essex, and Moorsman

21    Consulting Group, LLC (collectively "Defendants") to advise in purchasing the vessel and to

22    assist in acquiring the tonnage certificate needed for the endorsements necessary to operate it as

23    intended. (Dkt. No. 33 at 2–4.) Plaintiff also engaged Kim Marine, not named as a defendant, to

24    provide documentation for the vessel. (Dkt. Nos. 55 at 2, 57 at 2.) Based on Defendants' advice,

25    Plaintiff acquired the vessel and made certain modifications. (*Id*.) Despite Defendants'

26    assistance, Plaintiff has been unable to acquire the required endorsements. (*Id*.) Plaintiff brings

1  suit for negligence and breach of contract. (Dkt. No. 33 at 4–5.)

2      Plaintiff listed Kim Marine's owner, Heung Kim as a fact witness in its initial disclosures

3  to Defendants. (Dkt. No. 56-1 at 3.) Defendants subpoenaed Kim Marine's records and deposed

4  Kim. (*Id.*) At issue are five emails Plaintiff's attorneys sent Kim. According to the privilege log

5  that Plaintiff produced, Plaintiff withheld them from production on the basis of "[w]ork-product,

6  attorney-client privilege." (Dkt. No. 56-5 at 2.) Defendants believe no privilege applies to these

7  emails and asks the Court to compel production. (Dkt. No. 55.)

8  **II.      DISCUSSION**

9      Plaintiff asserts the emails are subject to both the attorney-client and work-product

10  privileges. (Dkt. No. 57 at 2.) As discussed below, the Court finds that Plaintiff has met its

11  burden in establishing that the emails are work-product.[1] Therefore, the Court need not decide

12  whether the emails are also subject to the attorney-client privilege.

13      According to Federal Rule of Civil Procedure 26(b)(3)(A), attorney work-product need

14  only be produced in limited circumstances. The primary purpose of the rule is to "prevent

15  exploitation of a party's efforts in preparing for litigation." *Admiral Ins. Co. v. United States*

16  *District Court*, 881 F.2d 1486, 1494 (9th Cir. 1989). But the court will not allow a party to

17  withhold "relevant and non-privileged facts [that] remain hidden in an attorney's file." *Hickman*

18  *v. Taylor*, 329 U.S. 495, 511 (1947).

19      Defendants assert Plaintiff cannot claim work-product protections for discussions

20  between Plaintiff's attorney and Kim because neither the facts known to Kim nor Kim's opinion

21  are covered by the work-product rule. (Dkt. Nos. 55 at 4, 61 at 3.) Defendants' argument misses

22  the mark. Plaintiff alleges the emails contain *counsel's* opinion, not Kim's. (Dkt. No. 57 at 2.)

23  This is protected work-product. *See Republic of Ecuador v. Mackay*, 742 F.3d 860, 869 (9th Cir.

24  2014) (work-product containing counsel's opinion receives the highest protections).

25

26      [1] Defendants do not meaningfully argue that production of the emails is required based on Defendant's substantial need. *See* Fed. R. of Civ. P. 26(b)(3)(A)(ii).

Defendants further assert that even if counsel's opinion would normally be protected work-product, counsel waived any protection when counsel disclosed thoughts and opinions to Kim. (Dkt. No. 61 at 5.) The Court disagrees. Voluntary disclosure of work-product to a third party does not waive the work-product protection unless such disclosure enables an adversary to gain access to the information. Wright, Miller, Kane & Marcus, 8 FED. PRAC. & PROC. CIV. § 2024 (3d ed.).While the Ninth Circuit has not weighed in on this issue, other courts have, and they agree that waiver requires more than mere disclosure to a third party. *See Sugar Hill Music v. CBS Interactive Inc.*, CV 11-9437 DSF(JCX), slip op. at \*8 (C.D. Cal. Sept. 5, 2014) (summarizing decisions on the issue outside of the Ninth Circuit).

The party resisting discovery bears the burden to show that its documents are protected by privilege. *Everest Indem. Ins. Co. v. QBE Ins. Corp.*, 980 F. Supp. 2d 1273, 1277 (W.D. Wash. 2013). Further, if the privilege at issue is work-product, the party must also establish that the documents at issue were prepared in anticipation of litigation. *See, e.g.*, *Heath v. F/V ZOLOTOI*, 221 F.R.D. 545, 549 (W.D. Wash. 2004); *Kintera, Inc. v. Convio, Inc.*, 219 F.R.D. 503, 507 (S.D. Cal. 2003). Plaintiff asserts that Kim "possesses a significant volume of information that effects [legal] strategy, creating the necessity for Plaintiff's counsel to consult with him regularly in prosecuting Plaintiff's claims. (Dkt. No. 57 at 2.) Moreover, Plaintiff points out that the emails at issue all occurred around key litigation dates. Counsel sent the first four emails in the two months leading up to Plaintiff filing suit. (*Id.*) Counsel sent the fifth and final email the day Plaintiff filed its Amended Complaint. (*Id.*) Plaintiff's affirmative statements, coupled with the nature of the communications at issue, are sufficient for the Court to conclude Plaintiff has met its burden in demonstrating that the emails in question contain information related to this litigation.

## III.    CONCLUSION

For the foregoing reasons, Defendant's motion to compel (Dkt. No. 55) is DENIED.

1    DATED this 2nd day of November 2017.

2

3

4

                                        John C. Coughenour
5                                       UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER DENYING MOTION TO COMPEL
C16-0915-JCC
PAGE - 4