THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WESTERN CHALLENGER, LLC,<br><br>Plaintiff,<br>v.<br><br>DNV GL GROUP, *et al.*,<br><br>Defendants. | CASE NO. C16-0915-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Don Seymour's motion for appointment of a settlement judge (Dkt. No. 78), Plaintiff's motion for a final judgment on certain claims (Dkt. No. 80), and Seymour's statement of non-opposition (Dkt. No. 82). Having thoroughly considered the parties' briefing and the relevant record, the Court DENIES Seymour's motion (Dkt. No. 78) and GRANTS Plaintiff's motion (Dkt. No. 80) for the reasons explained herein.

The Court has described the underlying facts of this case in previous orders and will not repeat them here. (*See* Dkt. Nos. 21, 52, 75.) The Court previously dismissed all claims against Germanischer Lloyd (USA) Inc., Phil Essex, and Moorsom Consulting Group, LLC (collectively the "GL Defendants"), and all claims against Seymour, to the extent loss-of-use damages are

alleged.[1] (Dkt. No. 75 at 7–12.) Plaintiff's only surviving claims, excluding loss-of-use damages, relate to Seymour's alleged negligent misrepresentation and breach of contract. (Dkt. No. 75 at 12.)

Seymour first moved the Court to appoint a settlement judge to assist in resolving the remaining claims. (Dkt. No. 78.) Plaintiff then moved the Court: (a) to enter a final judgment pursuant to Federal Rule of Civil Procedure 54(b) for all claims against the GL Defendants and for the claims against Seymour to the extent loss-of-use damages are alleged, (b) to stay Plaintiff's remaining claims against Seymour, and (c) to strike the April 30, 2018 trial date. (Dkt. No. 80.) Seymour does not oppose Plaintiff's motion, but asks the Court to prospectively appoint a settlement judge once a stay on the remaining claims is lifted. (Dkt. No. 82 at 1–2.)

The Federal Rules of Civil Procedure authorize the Court to direct an entry of final judgment when (1) fewer than all of the original claims in an action are resolved and (2) "there is no just reason for delay." Fed. R. Civ. P. 54(b). Therefore, the Court first must determine that its previous order of dismissal represented a final judgment. *Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980). The Court must then determine if there is any just reason for delay. *Id.* So long as an entry of final judgment does not result in "piecemeal appeals" of a case that "should be reviewed only as [a] single unit[]," the Court is afforded "significant discretion" and "substantial deference" in making its determination regarding whether entry of judgment is warranted. *Id.* at 10.

As to a final judgment on the claims against the GL Defendants, there is little question that the Court's previous dismissal was final. (*See generally* Dkt. No. 75.) Further, there is no just reason for delaying judgment on those claims. Seymour is the only remaining Defendant, and the remaining claims against him are unrelated to the claims against the GL Defendants. Thus, entering final judgment would not result in piecemeal appeals or duplicative litigation.

---

[1] The Court also previously dismissed all claims against DNV GL Group, which is a trade name for Germanischer Lloyd (USA) Inc. (Dkt. No. 21 at 3.)

As to a final judgment on the claims against Seymour, to the extent loss-of-use damages are alleged, there is also little question that the Court's previous dismissal was final. (Dkt. Nos. 52 at 7, 75 at 9–12.) Further, Plaintiff's remaining claims are not significant and are best resolved after an appeal of the dismissed claims is complete. (*See* Dkt. No. 80 at 7–8.) Therefore, there is no just reason for delay of a final entry of judgment on Plaintiff's claims against Seymour, to the extent loss-of-use damages are alleged. For the same reasons, the Court finds that a stay of the remaining claims is warranted. However, the Court will not appoint a settlement judge for those claims at this time. Once Plaintiff's anticipated appeal is complete, Seymour may again move for appointment of a settlement judge.

For the reasons described above, the Court ORDERS as follows:

1. Seymour's motion for appointment of a settlement judge (Dkt No. 78) is DENIED.
2. Plaintiff's motion for entry of a final judgment pursuant to Rule 54(b) (Dkt. No. 80) is GRANTED. Accordingly,
    a. The Clerk is DIRECTED to enter final judgment as to all claims against the GL Defendants and claims against Seymour, to the extent loss-of-use damages are alleged.
    b. The remaining claims against Seymour are STAYED until Plaintiff notifies the Court that it seeks to lift the stay. Plaintiff must provide such notification no later than fourteen (14) days after the Ninth Circuit Court of Appeals issues a ruling on Plaintiff's anticipated appeal. If Plaintiff fails to notify the Court within this period, the stay will become permanent.
    c. The April 30, 2018 trial date is STRICKEN.
3. The Clerk is DIRECTED to statistically close the case until such time as counsel notifies the Clerk that it wishes to re-open the case, in accordance with the above instructions.
4. The Clerk is further DIRECTED to re-caption the case. Don Seymour is the sole remaining Defendant.

DATED this 5th day of April 2018.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE